IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

TERRANDANCE DOBBINS                                                              PLAINTIFF

VERSUS                                             CIVIL ACTION NO. 2:04cv206-KS-RHW

CHRISTOPHER EPPS, *et al.*                                                    DEFENDANTS

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

This case is before the Court on [19] Defendants' motion for summary judgment[1] and [24] Plaintiff's motion to dismiss. The *pro se* plaintiff, Terrandance Dobbins, filed his amended complaint[2] on August 17, 2004, seeking relief pursuant to 42 U.S.C. § 1983, claiming Defendants violated his Eighth Amendment right by denying him medical care in diagnosing and treating a latent TB infection (LTBI). The summary judgment motion is supported by the affidavits of Nurse Harrison and Dr. Jerry Welch.[3] Dobbins filed no response to the motion for summary judgment, instead filing [24] his own motion to dismiss the complaint without prejudice, asserting that he "is not adequately prepared to proceed with this litigation at this time due to unforseen (*sic*) and unavoidable circumstances," and requesting that the Court not apply

---

[1] Defendant C. [Diana Cheryl] Harrison, R.N., filed the motion December 9, 2004, and Defendants Epps, King and Jones filed a joinder to the motion on December 10, 2004.

[2] Dobbins originally filed suit with another inmate on June 1, 2004; the amended complaint was filed in response to the court's order of July 27, 2004 requiring the two inmates to file separate actions.

[3] Dr. Welch was initially a named defendant in this case, but when Dobbins filed his amended complaint, he moved to dismiss Dr. Welch as a Defendant. The Court granted that motion September 3, 2004.

1

the provisions of the Prison Litigation Reform Act (PLRA) to the dismissal.  By *sua sponte* order [26] entered February 1, 2005, the undersigned granted Plaintiff until February 21, 2005 to respond to the summary judgment motion, and granted Defendants the same time within which to respond to Plaintiff's motion to dismiss.  Plaintiff filed no response to Defendants' motion, but Defendants objected to any dismissal of the case which failed to apply the provisions of the PLRA.   [27, filed February 1, 2005] and [28, filed February 3, 2005].   No action has been taken in the case since that time.

After review of the respective motions, responses, the pleadings on file and the relevant legal authorities, the undersigned finds that Defendants' motion for summary judgment as to Plaintiff's claim of inadequate medical care should be granted, and Plaintiff's motion to dismiss, as to all other claims against defendants should be granted.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Terrandance Dobbins is a prisoner presently incarcerated in the South Mississippi Correctional Institute (SMCI) in Leakesville, Mississippi, where he is serving a life sentence for murder following conviction by an Adams County Circuit Court jury on May 13, 1998.[4]  An inmate search on the Mississippi Department of Corrections website shows Dobbins date of entry into the system as September 2, 1998.

Dr. Jerry Welch, a medical doctor, is the Medical Director at SMCI.   Dr. Welch's uncontradicted, sworn affidavit establishes the following:  Dobbins had a positive tuberculosis (TB) skin test on January 22, 1999, but his medical records show his January 28, 1999 chest x-

---

[4] The Mississippi Court of Appeals affirmed  the conviction and sentence on June 20, 2000.  *Dobbins v. State*, 766 So. 2d 29 (Miss. App. 2000).

ray was normal. According to Dr. Welch, a positive TB skin test does not mean a person has active TB, as only 1-2% of persons with a positive TB skin test actually develop active TB disease. A positive TB skin test does often indicate that one has a Latent TB Infection (LTBI), but LTBI does not cause sickness, has no symptoms, and those who have it cannot spread the disease to others. The TB Manual of the Mississippi Department of Health, pages of which are attached as an exhibit to Dr. Welch's affidavit, provides that incarcerated persons with a positive TB test showing LTBI should be given preventative (prophylactic) drug therapy.

The drugs Isoniazid (INH) and Rifampin (RIF) are used for LTBI therapy. Because these drugs may cause liver toxicity and possible damage to the liver, patients receiving LTBI therapy undergo liver function tests (LFT) to monitor the liver enzymes SGOT and SGPT, and the pigment Bilirubin which is produced when the liver processes waste products. In the event of abnormal readings on these tests, the LTBI drug therapy should be stopped.

Dr. Welch's affidavit and Dobbins' medical records attached thereto, establish that Dobbins began treatment for LTBI with INH on February 8, 1999, just over two weeks after his positive skin test, and less than two weeks after his normal chest x-ray. Therapy was discontinued April 20, 1999 due to elevated SGOT and SGPT readings.[5] INH Therapy resumed May 11, 1999, but was again discontinued June 25, 1999 due to abnormal SGOT and SGPT readings.[6] Dobbins received 34 doses of INH between February 8 and June 25, 1999. His medical records show that once INH therapy was discontinued, his SGOT and SGPT readings began to drop toward normal limits. His liver function tests proved normal on

---

[5] Dobbins SGOT reading was two times normal, and his SGPT was five times normal.

[6] SGOT was four times normal, and SGPT was again five times normal.

December 15, 2003, and a chest x-ray at that time still showed no active TB disease.

RIF was approved as a substitute treatment for LTBI in 2003. When Dobbins requested treatment for his LTBI at SMCI, the medical determination was to treat him with RIF because of his experience with INH therapy. After being made aware of the risks of possible liver damage and toxicity, Dobbins consented to RIF treatment on December 23, 2003, and his RIF therapy began on December 24, 2003. The RIF therapy concluded in May 2004 when Dobbins completed the required 120-doses.

According to Dr. Welch, Registered Nurse Crystal Harvison, the infection Control/TB Nurse at SMCI, is the person who dispenses LTBI medication. Defendant Diana Cheryl Harrison is a licensed practical nurse who has no authority to prescribe any treatment for TB or any medical problem, and she does not normally dispense medication for LTBI therapy. Nurse Harrison's affidavit confirms that she worked the 3:00 p.m. to 11:00 p.m. shift at SMCI as the medication nurse. She states that medicines, with the exception of TB medicines, are dispensed daily at 4:00 a.m., 1:00 p.m. and 9:00 p.m., and insulin for diabetic inmates is dispensed at 4:30 p.m. The Infection Control/TB Nurse, R.N. Crystal Harvison, dispensed TB medicines at 1:30 p.m., before Harrison's work shift began. Unless an inmate missed Nurse Harvison's TB medicine dispensing at 1:30 p.m., and Harvison asked her to dispense that dose, Harrison did not dispense TB medicine.

### DISCUSSION

#### Summary Judgment Standard:

Summary judgment is appropriate where no genuine issue of material fact remains to be decided and the moving party is entitled to judgment as a matter of law. "Rule 56(c) mandates

the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).  On a motion for summary judgment, the Court must consider "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson v. Liberty Lobby,* 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986).  Rule 56(e) provides in part:

> When a motion for summary judgment is made and supported as provided by this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  <u>If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.</u>

Fed. R. Civ. P. 56 (e) (emphasis added).  Thus, when a motion for summary judgment is filed <u>and is accompanied by competent supporting evidence</u>, a court may grant the motion if the opposing party fails to present controverting evidence.  Fed. R. Civ. P. 56 (e).  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *Fraire v. City of Arlington*, 957 F.2d 1268, 1273 (5th Cir.), *cert. denied*, 506 U.S. 973, 113 S. Ct. 462, 121 L. Ed. 2d 371 (1992).

The moving party must show the absence of a genuine issue of material fact by affidavit or other evidentiary materials.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106

S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511 n.2, 91 L.Ed.2d 265 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986). For the Court to find there are no genuine material factual issues, the Court must be satisfied that no reasonable trier of fact could have found for the nonmoving party or, in other words, that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby,* 477 U.S. 242, 249-50, 106 S. Ct. At 2510-11 (1986).

If the movant meets his burden by proving the absence of a genuine issue of material fact, then "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994), *citing Celotex*, 477 U. S. At 325, 106 S. Ct. At 2553-54. The nonmovant cannot discharge this burden by referring to the mere allegations or denials of his pleadings, but must, either by submitting opposing evidentiary documents or by referring to evidentiary documents already in the record, set out specific facts showing that a genuine issue as to a material fact exists. *See Celotex Corp. v. Catrett*, 477 U.S. at 324, 106 S.Ct. at 2553; *Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991); FED. R.CIV. P. 56(e). If the nonmovant fails to present evidence showing a genuine issue of material facts exists, "the motion for summary judgment must be granted." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

<u>Voluntary Dismissal</u>

Because Dobbins filed his motion to dismiss only after the Defendants had answered his lawsuit and moved for summary judgment, he cannot unilaterally dismiss his case without

prejudice. Under Rule 41(a)(1), Fed. R. Civ. P., a plaintiff may dismiss an action without prejudice only when he files a notice of dismissal *before* the defendant files an answer or motion for summary judgment and only if the plaintiff has never previously dismissed an action "based on or including the same claim." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 S.Ct. 2447 (1990). Since the defendants answered and moved for summary judgment before Dobbins filed his motion, Dobbins could dismiss his lawsuit only by stipulation under Rule 41(a)(1)(ii), or by order of the court, "upon such terms and conditions *as the court deems proper*," under Rule 41(a)(2) (emphasis added).

## Deliberate Indifference to Serious Medical Needs

Dobbins claims that prison officials, by demonstrating deliberate indifference to his serious medical needs, violated his Eighth Amendment constitutional rights. Inmates are protected from cruel and unusual punishment under the Eighth Amendment of the United States Constitution. To prove a violation under the Eighth Amendment, Dobbins must show that the defendants unnecessarily and wantonly inflicted harm on him. To establish violation of Eighth Amendment rights because he received inadequate medical care, he must prove the defendants exhibited deliberate indifference to his serious medical needs. The elements Dobbins bore the burden of proving are: (1) the defendants displayed deliberate indifference to his illness; (2) his illness was serious; and (3) he was injured as a result of the prison officials acts or omissions regarding his illness. "Deliberate indifference to serious needs of prisoners constitutes the `unnecessary and wanton infliction of pain' ... proscribed by the Eighth

Amendment."[7]  To act "deliberately" means to act intentionally; that is, knowingly and voluntarily and not because of mistake or accident.  The negligent rendering of medical care is not sufficient to establish willful indifference or deliberate indifference to a serious medical need.

The evidence before this Court indicates Dobbins cannot prove either deliberate indifference to his medical needs, nor injury resulting any such indifference.  The medical evidence, in the form of the affidavits of Dr. Welch and Nurse Harrison, as well as Dobbins' medical records, indicates that Dobbins was treated promptly and appropriately for his illness.  His positive TB skin test January 22, 1999 was immediately followed up with a normal chest x-ray on January 28, 1999, and shortly thereafter, Dobbins was started on preventative (prophylactic therapy) for LTBI with the drug INH.  His liver function was properly monitored during the therapy, and when he exhibited abnormal liver enzyme readings, the therapy was discontinued until his liver enzymes returned to normal.  When therapy resumed, Dobbins again soon presented abnormal SGOT and SGPT readings, and the INH therapy was stopped altogether after a total of 34 doses, given over a four-month time period.  In December 2003, Dobbins' liver enzymes were again within normal limits, and his chest x-ray still normal.  RIF had then been approved as a substitute treatment for LTBI, and Dobbins was given the full 120-dose course of RIF therapy, without incident, beginning December 24, 2003 and ending May 26, 2004.

The expert medical evidence before the Court indicates that LTBI has no symptoms, does not make one sick, and cannot be spread to others.  Only very rarely does it develop into active tuberculosis.  Finally, Dobbins does not have tuberculosis, and he has been properly treated for the LTBI indicated by his positive TB skin test.

---

[7] *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976).

Even if Dobbins' medical care could somehow be deemed inadequate, that would not suffice to establish his Eighth Amendment claim.

> [n]ot all inadequate medical care rises to the level of an Eighth Amendment violation; "[it] is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." A plaintiff must prove "objectively that he was exposed to a substantial risk of serious harm: and that "jail officials acted or failed to act with deliberate indifference to that risk" which requires actual knowledge and deliberate disregard.

*Victoria W. v. Larpenter*, 369 F.3d 475, 483 (5th Cir. 2004).

Because Dobbins lacks evidence to establish the essential elements of his Eighth Amendment claim of inadequate medical care, the undersigned is of the opinion that summary judgment is appropriate as to that claim against all defendants. Although this Court is of the opinion that all Dobbins' allegations fall within the ambit of his inadequate medical care claim, to the extent that he may have stated any separate claim,[8] the Court finds Dobbins' motion to dismiss well-taken, but declines to hold the provisions of the PLRA inapplicable.

## RECOMMENDATION

Based on the foregoing, it is the opinion of the undersigned that the motion for summary judgment should be granted as to Dobbins' claim of inadequate medical care, and that Dobbins' motion to dismiss should be granted as to any other claim he may be deemed to have stated, and this case dismissed. Accordingly, the United States Magistrate Judge that Plaintiff's inadequate medical care claim be dismissed with prejudice as to all defendants, and any other claim against the defendants be dismissed without prejudice.

---

[8]For example, Dobbins claim that prison officials improperly housed him with newly arrived inmates who had not been tested or treated for communicable disease.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of this Proposed Findings of Fact and Recommendation on all parties by mailing a copy to each of them by Certified Mail, Return Receipt Requested.  Pursuant to 28 U.S.C. § 636(b)(1), any party who objects to this Recommendation must, within ten (10) days after being served a copy of the Recommendation, serve and file with the Clerk of Court his written objections to the Recommendation, with a copy to the District Judge, the U.S. Magistrate Judge and the opposing party.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  A party's failure to file objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a *de novo* determination by the District Court.  A party who fails to file written objections to the proposed findings, conclusions and Recommendation within ten (10) days after being served with a copy, shall be barred, except upon the grounds of plain error, from attacking on appeal any proposed factual finding and legal conclusion accepted by the District Court to which the party did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed this the 15th day of November, 2005.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE